Daniel P. Simpson, Esq.
NEWMAN & SIMPSON, LLP
The Armour Building
32 Mercer Street
Hackensack, New York 07601-5608
Telephone: (201) 487-0200
Facsimile: (201) 487-8570
Email: dsimpson@newmansimpson.com

*Attorneys for Plaintiff Strivectin Operating Company, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STRIVECTIN OPERATING COMPANY, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> PANDORA BEAUTY a New York Company and JOHN DOES I-X; <br><br> Defendants. | **COMPLAINT** <br><br> Civil Action No. |

Plaintiff StriVectin Operating Company, Inc. brings this lawsuit against Defendants Pandora Beauty and John Does I-X for copyright infringement, trademark infringement, unfair competition, false advertisement, and intentional interference with existing and prospective business relations.

## OVERVIEW

Plaintiff produces and sells various high end cosmetic products under the federally registered trademark STRIVECTIN®, including but not limited to StriVectin-SD, StriVectin-HS, StriVectin Instant Facial Sculpting Cream, StriVectin-AR, StriVectin Power Serum, StriVectin Clinical Corrector, StriVectin-SD Volumizing Hand Treatment, StriVectin-EV and StriVectin-TL among other products (collectively "STRIVECTIN Products"). STRIVECTIN Products are sold in copyrighted packaging that incorporates Plaintiff's unique and distinctive trade dress. In addition, STRIVECTIN Products are advertised and sold using copyrighted photographs. As alleged more fully below, Defendants are engaged in the distribution and sale of stolen or diverted STRIVECTIN Products, which are not subject to Plaintiff's rigorous quality control standards. Defendants are advertising and selling the STRIVECTIN Products using registered copyright protected photographs and text.

*REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF:* Plaintiff is suffering irreparable harm as a direct result of Defendants' advertising, distribution, and sale of illegally diverted STRIVECTIN Products advertised and sold using copyright protected photographs. If not enjoined by this Court, Defendants unlawfully will continue to advertise and sell the illegally diverted STRIVECTIN Products advertised and sold using copyright protected photographs thereby causing Plaintiff irreparable injury, for which they have no adequate remedy at law including, but not limited to, the loss of goodwill and impairment of Plaintiff's business relationship with their authorized product manufacturers and authorized resellers. The law not only encourages, but requires Plaintiff to be vigilant in protecting its trademark interests on pain of losing exclusive rights. Accordingly, time is of the essence.

## PARTIES

1.     Plaintiff StriVectin Operating Company, Inc. is a Delaware corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State and County of New York.

2.     On information and belief, Defendant Pandora Beauty is a New York business with a principal place of business in East Northport, County of Suffolk, State of New York. Pandora Beauty operates through a website—Pandorabeauty.com and ships products from a location in East Northport, New York.

3.     Plaintiff is unaware of the true names and capacities of defendants sued herein as JOHN DOES 1-X, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Upon information and belief, each of the fictitiously named defendants is responsible in some manner for the wrongful conduct alleged herein, and Plaintiff's damages as alleged herein were proximately caused by such defendants.  These fictitiously named defendants along with Defendant Pandora Beauty are herein collectively referred to as "Defendants."

## JURISDICTION AND VENUE

4.     This is an action for trademark infringement, unfair competition and false advertisement under the Federal Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.,* as amended (the "Lanham Act"), and at common law; copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*; and intentional interference with existing and prospective business relations, all arising out of Defendants' distribution and sale of counterfeit STRIVECTIN Products in the State of New York and in interstate commerce.

5. The Court has jurisdiction of the subject matter and the parties under § 39 of the Federal Trademark Act, 15 U.S.C. §§ 1116 and 1121, and the Judicial Code, 28 U.S.C. §§ 1331, 1332, 1338, and 1400(a). The parties are diverse and the value of the matter in controversy exceeds the sum or value of $75,000.

6. Plaintiff's state law claim integrally is related to the federal claims and arises from a common nucleus of operative facts, such that the resolution of all claims in this Court furthers judicial economy. Accordingly, the Court also has supplemental jurisdiction with respect to Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendant Pandora Beauty in that it does business and resides in the State of New York and has, upon information and belief, its principal place of business in East Northport, New York.

8. Venue is proper in this Court under 28 U.S.C. § 1391 (b) and (c) in that Defendant Pandora Beauty is subject to personal jurisdiction in this District, and this is the District in which events giving rise to the claims hereinafter set forth occurred.

## FACTUAL ALLEGATIONS

8. Beginning in 2002, well prior to the acts complained of herein, and continuing through today Plaintiff's predecessor and later Plaintiff developed STRIVECTIN Products, which have been continuously distributed and sold in interstate commerce and in the State of New York under the STRIVECTIN trademark, in copyrighted packaging that incorporates Plaintiff's unique and distinctive trade dress, and using copyright protected photographs.

9. STRIVECTIN is a coined, arbitrary word that was chosen as a trademark due to its uniqueness and high degree of inherent distinctiveness.

10. As a result of the extensive and substantial advertising and sales of cosmetic products under the STRIVECTIN trademark and Plaintiff's maintenance of premium quality standards relating thereto, the mark STRIVECTIN has become exceedingly well and favorably known to the general consuming public throughout the United States and in the State of New York as distinctive indications of origin of Plaintiff's STRIVECTIN Products.

11. StriVectin Operating Company, Inc. is the owner of the STRIVECTIN trademark. Plaintiff and its predecessors have continuously used said marks on and in connection with cosmetic products and in the advertising and sale thereof in interstate commerce since as early as 2002.

12. Plaintiff's predecessor duly registered STRIVECTIN as a trademark for cosmetic products in the United States Patent and Trademark Office under Registration No. 3,175,013, which issued November 21, 2006. StriVectin Operating Company, Inc. is the record owner of Registration No. 3,175,013.

13. Registration No. 3,175,013 is *prima facie* evidence of the validity and ownership thereof and are constructive notice of ownership of the STRIVECTIN mark, as provided by §§ 7(b) and 22 of the Lanham Act, 15 U.S.C. §§ 1057(b) and 1072.

14. The U.S. Copyright for various photographs for STRIVECTIN Products were registered with the U.S. Copyright Office by StriVectin Operating Company, Inc., as set forth below.

| | |
|---|---|
| StriVectin Power Trio Kit | 1-1021556251 |
| Holiday Blockbuster Kit | 1-1023513199 |
| StriVectin-SD - Intensive Concentrate for Stretch Marks & Wrinkles | 1-1023513227 |
| StriVectin-SD 5 oz Intensive Concentrate for Stretch Marks & Wrinkles | 1-1023513255 |
| Sensitive Skin StriVectin-SD Intensive Concentrate for Stretch Marks & Wrinkles - 2 oz | 1-1023513283 |

| Product | Code |
|---|---|
| StriVectin-AR Advanced Retinol Eye Treatment | 1-1022205104 |
| StriVectin-AR Advanced Retinol Day Treatment | 1-1021627665 |
| StriVectin-AR Advanced Retinol Night Treatment | 1-1022271472 |
| StriVectin-SD Power Serum for Wrinkles | 1-1023379961 |
| StriVectin-EV - Get Even Brightening Serum | 1-1022360341 |
| StriVectin-TL Tightening Face Cream | 1-1023603407 |
| StriVectin-TL Tightening Face Serum | 1-1023603456 |
| StriVectin-EV Get Even Dark Circle Corrector | 1-1023603524 |
| StriVectin-SD Eye Concentrate for Wrinkles - Allure Seal | 1-1023889771 |
| StriVectin -TL Tightening Eye Serum | 1-1023889800 |
| StriVectin-TL Tightening Neck Cream | 1-1023889978 |
| StriVectin-TL Tightening Body Cream - Body/Corps | 1-1023890056 |
| StriVectin-SD Instant Retexturizing Scrub | 1-1023890114 |
| StriVectin-EV Get Even Spot Repair | 1-1023379990 |
| StriVectin-SD Volumizing Hand Treatment | 1-1023890142 |
| StriVectin-SD Intensive Concentrate for Existing Stretch Marks - 6 oz | 1-1023890266 |
| StriVectin-HS Hydro-Thermal Deep Wrinkle Serum | 1-1023890170 |
| StriVectin Instant Moisture Repair | 1-1023890198 |
| StriVectin-WH Photo -White Booster Serum | 1-1023603331 |
| StriVectin-WH Photo-White Spot Repair | 1-1023603359 |
| Sensitive Skin StriVectin-SD Intensive Concentrate for Stretch Marks & Wrinkles | 1-1023890294 |
| StriVectin-SH Replenishing Cleanser | 1-1023981669 |
| StriVectin-WH Photo White Night Cream | 1-1024036010 |
| StriVectin-AR 24 Hour Advanced Retinol System | 1-1348810801 |
| StriVectin Age Delay | 1-1348811148 |
| StriVectin Age Fighting Miracle Set | 1-1348811234 |
| StriVectin Ageless Essentials | 1-1348871390 |
| StriVectin All-Over-Lift | 1-1348871466 |
| StriVectin-AR Advanced Retinol Day Treatment SPF 30 | 1-1348871522 |
| StriVectin-AR Advanced Retinol Eye Treatment | 1-1348871568 |
| StriVectin-AR Advanced Retinol Night Treatment | 1-1348871604 |
| StriVectin-AR Advanced Retinol Concentrated Serum | 1-1348871660 |
| bmr Activator For Lift | 1-1348871696 |
| bmr Arm Lift | 1-1348871732 |
| bmr Bottom Lift | 1-1348871798 |
| bmr Facial Toner | 1-1348872024 |
| bmr Tummy Lift | 1-1348872120 |
| StriVectin Clinical Corrector Light (Eye Illuminator) | 1-1348872156 |

| Product | Code |
|---|---|
| StriVectin Clinical Corrector Medium (Eye Illuminator) | 1-1348872192 |
| StriVectin Clinical Corrector Advanced Anti-Aging Face Tint - Light | 1-1418230271 |
| StriVectin Clinical Corrector Advanced Anti-Aging Face Tint - Medium | 1-1418230308 |
| StriVectin Clinical Corrector Anti-Aging Lip Tint - Pink | 1-1418230374 |
| StriVectin Clinical Corrector Anti-Aging Lip Tint - Plum | 1-1418230550 |
| StriVectin-AR Advanced Daytime Retinol Beauty | 1-1418320606 |
| StriVectin-AR Day to Night Advanced Retinol Treatment | 1-1418320702 |
| StriVectin-EV Even Brighter | 1-1418320748 |
| StriVectin-EV Get Even Dark Circle Corrector | 1-1418320824 |
| StriVectin-EV Get Even Brightening Serum (1.7 oz) | 1-1418320920 |
| StriVectin-EV Get Even Brightening Serum 1 oz | 1-1418321016 |
| StriVectin Eye Openers | 1-1418321132 |
| StriVectin-TL Get Lifted | 1-1418463321 |
| StriVectin Healthy Skin Blockbuster | 1-1418520148 |
| StriVectin LABS Booster Oil | 1-1418520404 |
| StriVectin LABS Extreme Cream | 1-1524757431 |
| StriVectin LABS Anti-Wrinkle Precision Patches & Smoothing Balm | 1-1524757431 |
| StriVectin LABS 5-Minute Weekly Glycolic Peel | 1-1524799597 |
| StriVectin Miracle Multitasker | 1-1524823643 |
| StriVectin Most Wanted Ageless Skin Kit | 1-1524823679 |
| StriVectin-TL Neck Up Lift | 1-1524823715 |
| StriVectin New Beginnings | 1-1524823751 |
| StriVectin Nighttime Miracle Worker | 1-1524823787 |
| StriVectin-AR Nighttime Retinol Repair | 1-1524823853 |
| StriVectin Perfect Start | 1-1524823889 |
| StriVectin Power Couple | 1-1524823925 |
| StriVectin-TL Power Lift | 1-1524823991 |
| StriVectin Power Trio for Wrinkles | 1-1524824027 |
| StriVectin Present Perfect Lavendar | 1-1524824063 |
| StriVectin Present Perfect Pink | 1-1524824109 |
| StriVectin SD Advanced | 1-1593063701 |
| StriVectin SD Advanced 2 oz | duplicate |
| StriVectin Eye Concentrate for Wrinkles | 1-1593063938 |
| StriVectin Volumizing Hand Treatment | 1-1616294301 |
| StriVectin Potent Wrinkle Reducing Treatment | 1-1616294338 |
| StriVectin SD Advanced Travel | 1-1616316694 |
| StriVectin-SD Eye Concentrate for Wrinkles | 1-1616316730 |
| StriVectin-SD Eye Concentrate for Wrinkles - Travel | 1-1616316766 |

Complaint
Page 7 of 18

| | |
|---|---|
| StriVectin-SD Eye Concentrate for Wrinkles NIA Technology - Travel | 1-1616316802 |
| StriVectin Volumizing Hand Treatment | 1-1616316838 |
| StriVectin-SD Volumizing Hand Treatment 5 oz | 1-1616316874 |
| StriVectin-SD Power Serum for Wrinkles | 1-1616316910 |
| StriVectin-SD Travel | 1-1616316946 |
| StriVectin-SH Overnight Resurfacing Serum | 1-1616316982 |
| StriVectin-SD Instant Retexturizing Scrub | 1-1616317028 |
| StriVectin-TL Skin Tight | 1-1616317094 |
| StriVectin Sun Kit & Eye Bundle | 1-1616317130 |
| StriVectin TaskForce | 1-1616317186 |
| StriVectin The Perfect Duo | 1-1616317222 |
| StriVectin Tightening Trio for Lift | 1-1628632051 |
| StriVectin-TL Tightening Body Cream - Body/Corps | 1-1628794961 |
| StriVectin-TL Tightening Body Cream - Body/Corps Travel Size | 1-1628795018 |
| StriVectin-TL 360 Degree Tightening Eye Serum | 1-1628795224 |
| StriVectin-TL Tightening Face Cream | 1-1628897760 |
| StriVectin-TL Tightening Face Serum | 1-1628897856 |
| StriVectin-TL Tightening Neck Cream | 1-1628897892 |
| StriVectin-TL Tightening Neck Cream 1 oz | duplicate |
| StriVectin-TL Tightening Neck Cream Supersized | duplicate |
| StriVectin-TL Tightening Neck Cream Travel | duplicate |
| StriVectin-TL Total Body | 1-1671694895 |
| StriVectin Wrinkle Fighting Heroes | 1-1671694859 |
| StriVectin Youth Boost | 1-1671694931 |
| StriVectin Youth Patrol | 1-1671694841 |
| StriVectin Age-Fighting Discovery Kit | 1-1671695024 |
| StriVectin Potent Wrinkle Reducing Treatment Serum | duplicate |
| StriVectin Potent Wrinkle Reducing Treatment Packaging | duplicate |
| StriVectin LABS Extreme Cream | 1-1671695080 |

15. StriVectin Operating Company, Inc. has the exclusive license to use the STRIVECTIN trademark and copyrights in connection with StriVectin Products.

16. Consequently, all use of the trademark STRIVECTIN in connection with cosmetic products and said copyrighted materials by StriVectin Operating Company, Inc. inures to the benefit of StriVectin Operating Company, Inc.

17. Plaintiff has utilized a number of authorized resellers to distribute STRIVECTIN Products. These authorized resellers, who are selected based on their reputation and their proven ability to service customers, are trained in and agree to meet Plaintiff's quality control standards for storing and selling STRIVECTIN Products. Defendants are not authorized resellers or authorized manufacturers of STRIVECTIN Products.

18. In order to control the quality of the STRIVECTIN Products it sells, Plaintiff has developed criteria for its resellers. For example Plaintiff has entered into agreements with its resellers limiting where and to whom the STRIVECTIN Products may be sold. STRIVECTIN Products are to be sold in high-end retailers (or high end retailers' Websites) with excellent customer service and quality control programs. These retailers have strong customer return policies, which allow customers to return products for a refund if the customer is not satisfied. Plaintiff strictly limits the Websites that can sell its products and the stores where the STRIVECTIN Products may be sold. It prohibits the sale of STRIVECTIN Products on discount websites like Pandorabeauty.com.

19. Notwithstanding Plaintiff's well-known and prior established rights in the STRIVECTIN trademark, Defendants are engaged in the advertising, offering for sale, distribution and illegally diverted STRIVECTIN Products on unapproved websites.

20. Specifically, Defendants' illegally diverted STRIVECTIN Products are offered for sale on Pandorabeauty.com. Pandorabeauty.com has a poor reputation for customer service, sells low quality products, sells grey market or black market goods, and otherwise harms the reputation of STRIVECTIN Products as a consequence of Pandora Beauty's sale of STRIVECTIN Products on Pandorabeauty.com.

## COUNT I – TRADEMARK INFRINGEMENT

21.     As a cause of action and ground for relief, Plaintiff alleges that Defendants are engaged in acts of trademark infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and at common law and incorporate by reference ¶¶ 1 through 20 of the Complaint as a part of this count.

22.     Defendants have intentionally engaged in the offering for sale, distribution and sale of illegally diverted and/or stolen STRIVECTIN Products in interstate commerce and in the State of New York with knowledge that such goods are illegally diverted STRIVECTIN Products.

22.     Defendants have intentionally used and are using illegally diverted STRIVECTIN Products for the purpose of exploiting and trading upon the substantial goodwill and reputation of Plaintiff, symbolized by the STRIVECTIN trademark and to enable Defendants to misrepresent their products as emanating from or otherwise being approved by Plaintiff.

23.     Defendants' use of the STRIVECTIN trademark in the advertising, offering for sale, distribution and sale of cosmetic products is likely to cause the public to believe, contrary to fact, that the cosmetic products are otherwise sponsored or approved by Plaintiff. Defendants' use of the trademark STRIVECTIN accordingly infringes Plaintiff's exclusive rights in the STRIVECTIN trademark under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and at common law.

24.     Defendants had actual knowledge of Plaintiff's prior use of and exclusive rights in the STRIVECTIN trademark when they began the advertising, offering for sale, distribution and

sale of the STRIVECTIN Products, and thus have willfully and deliberately infringed Plaintiff's exclusive trademark rights.

25. Plaintiff has sustained monetary damages in excess of $75,000, in an amount to be determined at trial, as the proximate result of Defendants' acts of trademark infringement.

26. Unless enjoined by this Court, Defendants will continue to infringe the STRIVECTIN trademark by the advertising, offering for sale, distribution and sale of cosmetic products bearing the STRIVECTIN trademark, thereby deceiving the public and causing Plaintiff immediate and irreparable injury, including the loss or impairment of goodwill and lost customers, for which they have no adequate remedy at law.

## COUNT II – UNFAIR COMPETITION

27. As a cause of action and ground for relief, Plaintiff alleges that Defendants are engaged in acts of unfair competition under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and at common law and incorporate by reference ¶¶ 1 through 26 of the complaint as a part of this count.

28. Defendants' advertising, offering for sale and sale of illegally diverted STRIVECTIN Products utilizing illegal reproductions of copyright protected photographs in the manner hereinabove alleged, constitutes the use of a false designation of origin within the meaning of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), which is likely to confuse or deceive the public as to the source, sponsorship and approval of said products, thereby causing Plaintiff immediate and irreparable damage for which they have no adequate remedy at law.

29. The nature and probable tendency and effect of Defendants' actions is to enable Defendants to confuse or deceive the public that they have the approval to sell the products in the

channels of trade the products are being sold, or that they otherwise are sponsored or approved by, Plaintiff. Such conduct constitutes unfair competition with Plaintiff at common law and is causing and, unless enjoined, will continue to cause Plaintiff immediate and irreparable injury for which they have no adequate remedy at law.

30. Plaintiff has sustained monetary damages in excess of $75,000, in an amount to be determined at trial, as the proximate result of Defendants' acts of unfair competition.

## COUNT III – FALSE ADVERTISING UNDER LANHAM ACT § 1125(a)(1)

31. Plaintiff realleges paragraphs 1 through 30 of this Complaint as if set forth in full herein.

32. Defendants' use of Pandorabeauty.com the internet and store locations to sell illegally diverted STRIVECTIN Products and falsely advertising that Defendants are selling approved STRIVECTIN Products in an approved manner, is in violation of the Lanham Act § 43 (a)(1), 15 U.S.C. § 1125 (a)(1).

33. Upon information and belief, Defendants' false statements, including the advertising of the STRIVECTIN Products on the Internet actually deceives or has the tendency to deceive the consuming public. Defendants' false and misleading statements are material and likely to influence the purchasing decisions of actual and prospective purchasers of Defendants' products and/or Plaintiff's products.

34. Upon information and belief, Defendants' false advertising has diverted sales at the expense of Plaintiffs and/or has lessened the goodwill enjoyed by Plaintiffs' products; especially those customers who have purchased from Defendant and discovered that the product they received from Defendants is not the same quality, or that the buying experience is not of the

same quality.

35. Upon information and belief, Defendants' acts and false advertising have deceived and, unless restrained, will continue to deceive the public, including consumers and retailers, and has injured and, unless constrained, will continue to injure Plaintiff and the public, including consumers and retailers, causing damages to Plaintiff in an amount to be determined at trial and other irreparable injury to the goodwill and reputation of Plaintiff's products.

36. Upon information and belief, Defendants' acts of false advertising are willful, intentional, and egregious and make this an exceptional case within the meaning of 15. U.S.C. §1117(a).

37. Plaintiff has no adequate remedy at law to compensate them for all the damages the Defendants' wrongful acts have and will cause.

## COUNT IV – COPYRIGHT INFRINGEMENT

38. As a cause of action and ground for relief, Plaintiff alleges that Defendants are engaged in acts of copyright infringement under § 501 of the Copyright Act, 17 U.S.C. § 501, and incorporate by reference ¶¶ 1 through 37 of the complaint as a part of this count.

39. Defendants are using copyright protected photographs to sell their illegally diverted STRIVECTIN Products, in violation of Plaintiff's exclusive rights created by § 106 of the Copyright Act, 17 U.S.C. § 106, and thus constitutes willful copyright infringement under § 501 of the Copyright Act, 17 U.S.C. § 501.

40. Plaintiff has sustained monetary damages in excess of $75,000, in an amount to be determined at trial, as the proximate result of Defendants' acts of copyright infringement.

41. Unless enjoined by this Court, Defendants will continue to infringe Plaintiff's copyrighted materials, thereby causing Plaintiff immediate and irreparable injury for which they have no adequate remedy at law.

## COUNT V – INTENTIONAL INTERFERENCE WITH EXISTING AND PROSPECTIVE BUSINESS RELATIONSHIPS

42. As a cause of action and ground for relief, Plaintiff alleges that Defendants have intentionally interfered with Plaintiff's existing and prospective relationships, and incorporate by reference ¶¶ 1 through 41 of the complaint as a part of this count.

43. Plaintiff currently has contracts and business relations with authorized product manufacturers and authorized resellers relating to the manufacture, distribution, marketing and sale of authentic STRIVECTIN Products that are beneficial and of high value to Plaintiff.

44. Defendants are aware of Plaintiff's contracts and business relations with authorized product manufacturers and authorized resellers relating to the manufacture, distribution, marketing and sale of authentic STRIVECTIN Products.

45. Defendants' unlawful advertising, offering for sale and sale of illegally diverted STRIVECTIN Products have intentionally interfered with Plaintiff's existing and potential business relations including, but not limited to, the value of Plaintiff's contracts and business relations with authorized product manufacturers and authorized resellers of authentic STRIVECTIN products.

46. Plaintiff has sustained monetary damages in excess of $75,000, in an amount to be determined at trial, as the proximate result of Defendants' intentional interference with

existing and prospective business relations and are entitled to recover actual damages, punitive damages, and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Strivectin Operating Company, Inc. prays for relief and judgment as follows:

(1) The Court enter judgment finding that: Defendants have infringed Plaintiff's exclusive rights in the trademark STRIVECTIN under § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), and at common law by the advertising, offering for sale, distribution and sale of illegally diverted STRIVECTIN Products; Defendants acted with full knowledge that said goods are sold under a trademark, which is a counterfeit reproduction; Defendants jointly have competed unfairly with Plaintiff and falsely advertised that Defendants are selling legally obtained and authorized STRIVECTIN Products in violation of § 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a), and at common law; Defendants have infringed Plaintiff's protected copyrighted material under § 501 of the Copyright act, 17 U.S.C. § 501; Defendants have intentionally interfered with Plaintiff's existing and prospective business relations; and Defendants have otherwise injured Plaintiff's business reputation in the manner complained of herein.

(2) Defendants and each of their respective agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith, be preliminarily and permanently enjoined from:

    (a)    Advertising, marketing or selling any STRIVECTIN Product or any other reproduction, counterfeit, copy or colorable imitation of said mark or otherwise infringing the trademark STRIVECTIN;

    (b)    Competing unfairly with Plaintiff or otherwise injuring Plaintiff's business reputation in the manner complained of herein;

    (c)    Infringing Plaintiff's protected copyrighted material;

    (d)    Intentionally interfering with Plaintiff's existing and prospective business relations.

(3)    Defendants be temporarily restrained, pending a hearing on Plaintiff's entitlement to a preliminary injunction, from manufacturing, importing, offering for sale, distributing, selling and/or otherwise disposing of any STRIVECTIN Products in their possession, custody or control.

(4)    Defendants be required to pay to Plaintiff the damages, both compensatory and statutory, which Plaintiff have sustained as a result of Defendants' acts of trademark infringement, unfair competition, false advertisement, copyright infringement, and/or intentional interference with Plaintiffs' existing or prospective business relationships.

(5)    All damages Plaintiff has sustained as a result of Defendants' acts of trademark infringement and/or unfair competition and false advertisement, be trebled pursuant to § 35(b) of the Federal Trademark Act, 15 U.S.C. § 1117(b).

(6)    Defendants be required to pay to Plaintiff as punitive damages in an amount that the Court may deem just.

(7) Pursuant to § 35(a) of the Federal Trademark Act, 15 U.S.C. § 1117(a), as amended, Defendants be required to account for and pay to Plaintiff the profits Defendants have realized which are attributable to Defendants' acts of trademark infringement and/or unfair competition and false advertisement complained of herein, and that said profits be trebled pursuant to § 35(b) of the Federal Trademark Act, 15 U.S.C. § 1117(b).

(8) Plaintiff be awarded such pre-judgment and post-judgment interest, as permitted by law.

(9) Defendants be required to pay to Plaintiff both the costs of this action and, in view of the exceptional nature of this case, Plaintiff's reasonable attorneys' fees in accordance with § 35(a) of the Federal Trademark Act, 15 U.S.C. § 1117(a).

(10) Plaintiff be granted such other, different and further relief as this Court deems just, equitable and proper.

## JURY DEMAND

Pursuant to Rule 38(b) Fed. R. Civ. P., Plaintiff hereby demand a trial by jury.

DATED this 30th day of October, 2014.

           Respectfully Submitted,


           **NEWMAN & SIMPSON, LLP**
           *Attorneys for StriVectin Operating Company, Inc.*


           /s/ Daniel P. Simpson
           Daniel P. Simpson, Esq.
           (DS9856)
           NEWMAN & SIMSPON, LLP
           The Armour Building
           32 Mercer Street
           Hackensack, New York 07601-5608
           Telephone: (201) 487-0200
           Facsimile: (201) 487-8570
           Email: dsimpson@newmansimpson.com