UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------X

STRIVECTIN OPERATING COMPANY, INC.,

    Plaintiff,

    -- against --

PANDORA BEAUTY, SHAPERS BEAUTY
SUPPLY COMPANY, PUNDIT KOHLI,
VANEET KOHLI, and JOHN DOES I-X,

    Defendants.

----------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 28 2016 ★

LONG ISLAND OFFICE

ORDER ADOPTING REPORT
AND RECOMMENDATION
14-CV-6421 (JFB) (GRB)

JOSEPH F. BIANCO, District Judge:

On October 30, 2014, plaintiff filed the complaint in this action against defendants Pandora Beauty and John Does I-X.[1] On May 5, 2015, plaintiff filed a first amended complaint, which, in addition to the defendants named in the original complaint, named Shapers Beauty Supply Company ("Shapers Beauty"), Pundit Kohli, and Vaneet Kohli as defendants. Plaintiff served a copy of the summons and first amended complaint on defendants Shapers Beauty and Pundit Kohli on May 23, 2015, and on defendant Vaneet Kohli on April 20, 2016.

On October 30, 2015, before plaintiff served defendant Vaneet Kohli, plaintiff requested a certificate of default against defendants Shapers Beauty and Pundit Kohli. On November 2,

---

[1] To date, Pandora Beauty has not been served. By Order dated June 6, 2016, Magistrate Judge Gary R. Brown granted plaintiff's motion to serve Pandora Beauty via publication. However, plaintiff has been unable to identify any jurisdiction in which Pandora Beauty is a legal operating entity. In light of this, plaintiff notified the Court in its status report dated October 28, 2016 that it will file a dismissal without prejudice as to Pandora Beauty. (ECF No. 37.)

2015, the Clerk of the Court entered the default of these defendants, and, on February 5, 2016, plaintiff moved for default judgment against them. At this time, plaintiff had still not served defendant Vaneet Kohli and plaintiff did not move for default judgment against him. On February 8, 2016 the Court ordered that defendants respond in writing within fourteen days as to why default judgment should not be entered. Defendants did not respond. By Order dated April 6, 2016, the Court referred plaintiff's motion of default judgment to Magistrate Judge Brown for a report and recommendation. Magistrate Judge Brown held an evidentiary hearing on August 22, 2016 regarding the motion. To date, defendants have failed to answer or appear in this action.

On October 14, 2016, Magistrate Judge Brown issued a Report and Recommendation (the "R&R") based on the August 22, 2016 evidentiary hearing and the submissions made by plaintiff. The R&R recommended that the Court grant plaintiff's motion for default judgment against defendants Shapers Beauty and Pundit Kohli, award the injunctive relief requested by plaintiff, award statutory damages in the amount of $1 million, and deny plaintiff's request for attorneys' fees and costs. The R&R explicitly noted that defendant Vaneet Kohli was not the subject of the motion for default judgment. (ECF No. 34 at 2 n.1.)

On October 28, 2016, plaintiff filed an objection to the R&R, namely, that default judgment should also be granted against defendant Vaneet Kohli. In support of this objection, plaintiff stated that defendant Vaneet Kohli was served with Magistrate Judge Brown's July 28, 2016 Order that the parties appear at the August 22, 2016 evidentiary hearing and failed to appear to contest the motion.

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345

(S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB)(AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

To obtain damages related to a default judgment, "a plaintiff must present admissible evidentiary proof of his alleged damages, unless the claimed amount is liquidated or susceptible to mathematical calculation." *In re Suprema Specialties, Inc.*, 330 B.R. 40, 54-55 (S.D.N.Y. 2005) (citing *SEC v. Mgmt. Dynamics*, 515 F.2d 801, 814 (2d Cir.1975) ("[U]nless the amount of damages are absolutely certain, the court is required to make an independent determination of the sum to be awarded."). Rule 55(b)(2) permits a court to conduct a hearing "as it deems necessary and proper" to calculate damages, "vesting considerable discretion in the court to establish the procedures appropriate to the particular case." *Id.* at 55. However, a hearing is not necessary "as

long as [the court] ensure[s] that there [is] a basis for the damages specified in a default judgment." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir.1989).

Having conducted a review of the full record and the applicable law, and having reviewed the portions of the R&R to which the parties did not object for clear error[1] and the portion of the R&R to which plaintiff did object de novo, the Court adopts the findings and recommendations contained in the R&R in their entirety.

With respect to defendants Shapers Beauty and Pundit Kohli, the Court agrees entirely with the analysis in the thorough and well-reasoned R&R, including the injunctive and monetary relief for which a sufficient evidentiary showing has been made.

With respect to plaintiff's objection, the Court disagrees with plaintiff's assertion that the Court's ruling should apply to defendant Vaneet Kohli. Plaintiff's motion for default judgment did not name Vaneet Kohli. Further, unlike defendants Shapers Beauty and Pundit Kohli, the Clerk of the Court had never entered a certificate of default against Vaneet Kohli. As such, although plaintiff did serve him with notice of the hearing, this is insufficient to find that Vaneet Kohli was on notice that default judgment might be entered against him, and the Court declines to enter default judgment against him based solely upon that notice of hearing at this time. Plaintiff may move for default judgment against Vaneet Kohli, if plaintiff wishes, within thirty (30) days of this Order.[2]

IT IS HEREBY ORDERED that default judgment is granted against defendants Shapers Beauty and Pundit Kohli.

---

[1] Even under a de novo standard of review, the Court would adopt the R&R in its entirety for the same reasons contained in the R&R.

[2] The Court notes that, if plaintiff so moves against defendant Vaneet Kohli for the same amount awarded to plaintiff by this Order, the Court would have a sufficient evidentiary basis to award those damages and would not need to hold a secondary evidentiary hearing on that issue unless defendant Vaneet Kohli opposed the motion and objected to the damages (after receiving the motion for default judgment from plaintiff).

IT IS FURTHER ORDERED that defendants Shapers Beauty and Pundit Kohli are permanently enjoined from:

    (a) Using any version of the trademark STRIVECTIN for the sale of any products on Pandorabeauty.com, at the retail store Shapers Beauty, or online;

    (b) Using any version of the trademark STRICVECTIN, or any reproduction, counterfeit, copy or colorable imitation of the STRIVECTIN mark, or any other of plaintiff's marks in any manner;

    (c) Competing unfairly with plaintiff or otherwise injuring plaintiff's business reputation in the manner complained of herein;

    (d) Advertising that defendants are selling STRIVECTIN and/or any other of plaintiff's products;

    (e) Infringing plaintiff's protected copyrighted materials; and

    (f) Intentionally interfering with plaintiff's existing and prospective business relations.

IT IS FURTHER ORDERED that plaintiffs are awarded $1 million in statutory damages against defendants Beauty Shapers and Pundit Kohli.

IT IS FURTHER ORDERED that plaintiff's request for attorneys' fees and costs is denied.

The Court will issue a judgment accordingly as to defendants Shapers Beauty and Pundit Kohli.

IT IS FURTHER ORDERED that default judgment is not granted against defendant Vaneet Kohli at this time (because no such motion was made). However, plaintiff may file such a motion within thirty (30) days of this Order.

IT IS FURTHER ORDERED that plaintiffs serve a copy of this Order on defendants.

SO ORDERED.

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:      November 28, 2016
            Central Islip, NY